UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GERALDINE PRUDHOMME** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 08-3916** |
| | * | |
| **LABARRON TODD and GREYHOUND LINES, INC.** | * | **SECTION "B"(3)** |

## ORDER AND REASONS

Before the Court is Defendants' Motion for Summary Judgment (Rec. Doc. No. 29). Plaintiff filed an opposition (Rec. Doc. No. 39), and Defendants filed a reply (Rec. Doc. No. 45). Upon review of the motion, the responses, and the applicable law, and for the reasons that follow,

**IT IS ORDERED** that the Motion for Summary Judgment (Rec. Doc. No. 29) is **GRANTED** as to Defendant Greyhound Lines and **DENIED WITHOUT PREJUDICE** as to Defendant Todd.

**IT IS FURTHER ORDERED** that Plaintiff is allowed twenty (20) days from entry of this order to amend her complaint in light of the order and reasons that follow.

*BACKGROUND*

This case arises from Plaintiff's Complaint (Rec. Doc. No. 1) filed on July 11, 2008, which alleges that Defendant Todd, an employee of Defendant Greyhound, "verbally abused [and] harassed" Plaintiff on several occasions while she was a passenger on the bus that Todd was driving. (*See* Compl. ¶ 5.) Plaintiff claims $150,000.00 in damages from Defendants for the alleged injuries of

1

"a) Humiliation; b) Emotional stress and strain; c) Mental anguish; d) Pain and suffering." (Compl. ¶¶ 7-8.) Plaintiff cites no specific legal or statutory basis for the relief requested in her Complaint, nor does she state any relevant legal authority in her opposition to summary judgment.

Defendants contend that Greyhound's "zero tolerance" policy of refusing service to disorderly customers justified the treatment of Plaintiff during the instances referenced in her complaint. (Defs.' Mem. in Supp. of Summ. J. 13-15; *see* Defs.' Ex. 4.) Defendants further contend that Plaintiff has failed to state an actionable tort claim in her complaint. (Defs.' Mem. in Supp. of Summ. J. 15-21.)

Plaintiff's response denies that summary judgment is appropriate for resolution of her claims, alleging that there are disputed issues of material fact as to all issues raised by Defendants in their motion for summary judgment. Plaintiff's opposition focuses on an alleged sexual relationship between Plaintiff and Defendant Todd. Plaintiff also contends that the affidavits submitted by each side are conflicting and thus present issues of material fact. (Pl.'s Opp'n 1-2.)

Plaintiff further concludes that the "zero tolerance" policy of Greyhound regarding disruptive passengers is irrelevant but cites to no legal or other authority to rebut Defendants' assertion that such a policy was a lawful attempt to protect the safety of

2

its customers and employees. Plaintiff also claims that she has stated a claim for assault, battery, intentional infliction of emotional distress, negligent retention of Todd by Greyhound, and "fighting words." (Pl.'s Opp'n 2-7.) However, Plaintiff only cites two cases regarding the "fighting words" doctrine. That doctrine is inapplicable to this case because there is no First Amendment claim at issue and because Plaintiff is seeking damages for mental and physical pain and suffering rather than damages for denial of a right to free speech.

*DISCUSSION*

**A. Summary Judgment Standard**

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the Court must consider the evidence and all reasonable inferences in the light most favorable to the nonmovant, the nonmovant must still produce specific facts to demonstrate that a genuine issue exists for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587

(1986). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Celotex Corp.*, 477 U.S. at 324. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

**B.  Assault or Battery**

Although Plaintiff mentions assault and battery as theories of recovery in her Opposition to Defendants' Motion for Summary Judgment (*see* Pl.'s Opp'n 3-6), Plaintiff has not clearly stated a claim for assault or battery in her complaint. The case *Johnson v. Williams* is instructive:

> The defendants correctly point out in their reply that "[a] review of the Complaint filed by Johnson reveals no mention of a claim for assault or LSA-R.S. 14:36. Thus, any argument concerning a claim for assault is beyond the scope of the pleadings and can safely be ignored." Defs.' Reply 5. The court agrees with this characterization and will not construe this claim as one for assault.

Civil Action No. 05-387, 2006 WL 1675197, at *4 (W.D. La. June 14, 2006). There is arguably weak and conflicting evidence here that Plaintiff was forcibly removed from the bus by Todd. Credibility issues on this point foreclose summary disposition. **Plaintiff shall file an amended complaint to conform to her evidence that Todd verbally and physically assaulted her, provided the amendment is filed no later than twenty (20) days from entry of this order.**

4

## C. Intentional Infliction of Emotional Distress

To recover under this theory, Plaintiff must show that (1) Defendants' conduct was extreme and outrageous, (2) Plaintiff's emotional distress suffered by the conduct was severe, and (3) Defendants desired to inflict severe emotional distress or knew that such distress would be substantially certain to result. *White v. Monsanto Co.*, 585 So. 2d 1208, 1209 (La. 1991).

> The conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. Liability does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. Persons must necessarily be expected to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. Not every verbal encounter may be converted into a tort; on the contrary, "some safety valve must be left through which irascible tempers may blow off relatively harmless steam." Restatement (Second) of Torts, comment d, § 46; Prosser and Keaton, The Law of Torts, § 12, p. 59 (5th ed. 1984).

*Id.* The issue of outrageousness, though determined by the facts of each particular case, does not preclude a Court from granting summary judgment on a claim of intentional infliction of emotional distress. However, in this case, there are disputed issues of material fact with regard to Plaintiff's claim of intentional infliction of emotional distress that prevent this Court from granting summary judgment at this time. As such, the Court denies summary judgment as to this claim.

## D. Negligent Hiring and/or Retention

Plaintiff alleges that Defendant Greyhound was negligent in hiring and/or retaining Defendant Todd and that any wrongdoing by Todd is thus imputable to Greyhound. (Compl. ¶ 7.) Because the liability of Defendant Todd is premised upon his intentional conduct against plaintiff, such liability would not be imputable to Defendant Greyhound. *See Bourgeois v. Curry*, 2005-0211, p. 14 (La. App. 4 Cir. 12/14/05); 921 So. 2d 1001, 1010 ("Unlike an action grounded in negligence, an action sounding in intentional tort causes us to focus on whether the employer desired or knew that the harm facing the plaintiff as a result of the complained-of conduct was substantially certain to result from the conduct."); *see also Turner v. Law Firm of Wolff & Wolff*, 2007-1589, p. 7 (La. App. 4 Cir. 6/4/08); 986 So. 2d 889, 893 n.9.

For negligent hiring and/or retention to apply, the employer must have given the tortious employee "a unique opportunity" to inflict harm on the plaintiff. *See Kelley v. Dyson*, 08-1202 p. 7 (La. App. 5 Cir. 3/24/09); 10 So. 3d 283, 288. In this case, Defendant Greyhound did not give Defendant Todd any unique opportunity or special access to Plaintiff that would allow him to commit any alleged wrongdoing upon her. In fact, it was Plaintiff who demanded that she ride on the bus that Defendant Todd was driving. (*See* Pl.'s Opp'n 3.) Furthermore, Greyhound had no reason to suspect that the alleged harassment by Todd would occur and did not otherwise encourage Todd to allegedly harass or attack

Plaintiff. *See Bourgeois* pp. 14-15, 921 So. 2d at 1010-11. As such, no valid claim of negligent hiring or retention exists here, and Defendant Greyhound Lines is entitled to summary judgment as to all claims. Accordingly,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (Rec. Doc. No. 29) is **GRANTED** as to Defendant Greyhound Lines and **DENIED WITHOUT PREJUDICE** as to Defendant Todd.

**IT IS FURTHER ORDERED** that Plaintiff is allowed twenty (20) days from entry of this order to amend her complaint.

New Orleans, Louisiana, this 6th day of November, 2009.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE