## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GERALDINE PRUDHOMME** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 08-3916** |
| | * | |
| **LABARRON TODD and GREYHOUND LINES, INC.** | * | **SECTION "B"(3)** |

### ORDER AND REASONS

Before the Court is Plaintiff's Motion for New Trial and Reconsideration (Rec. Doc. No. 59) on Defendants' Motion for Summary Judgment (Rec. Doc. No. 29), which was granted as to Defendant Greyhound Lines, Inc. ("Greyhound") on November 9, 2009 (*see* Rec. Doc. No. 47). Defendant LaBarron Todd has filed an opposition (Rec. Doc. No. 74) to Plaintiff's motion. Upon review of the motion, response, applicable law, and for the reasons that follow,

**IT IS ORDERED** that Plaintiff's Motion for New Trial and Reconsideration (Rec. Doc. No. 59) is **DENIED**.

### *BACKGROUND*

This case arises from Plaintiff's Complaint (Rec. Doc. No. 1) filed on July 11, 2008, which alleges that Defendant Todd, an employee of Defendant Greyhound, "verbally abused [and] harassed" Plaintiff on several occasions while she was a passenger on the bus that Todd was driving. (*See* Compl. ¶ 5.) Plaintiff claims $150,000.00 in damages from Defendants for the alleged injuries of "a) Humiliation; b) Emotional stress and strain; c) Mental anguish; d) Pain and suffering." (Compl. ¶¶ 7-8.) Plaintiff then amended

her complaint on November 13, 2009, to allege that Defendant Todd verbally and physically abused her. (*See* Rec. Doc. No. 66.) Plaintiff cites no specific legal or statutory basis for the relief requested in her First or Amended Complaint.

Plaintiff argues that Defendant Greyhound, Defendant Todd's employer, was dismissed from this suit in error. Specifically, Plaintiff contends that her presentation of evidence in the form of letters from Greyhound shows that Greyhound knew of the alleged intentional torts of its employee LaBarron Todd. (Mem. in Supp. of Pl.'s Mot. 1.) Plaintiff concludes that this knowledge requires the Court to impose liability upon Greyhound in the event that Todd is found liable for his allegedly tortious conduct. *Id.*

Defendant's opposition asserts that the "newly obtained evidence" submitted by Plaintiff in support of her motion for reconsideration/new trial is not actually new evidence. (Def.'s Opp'n 3.) All three letters submitted with Plaintiff's motion are dated in the spring of 2008, and all three letters were already submitted to Defendants on February 27, 2009 in Plaintiff's response to Defendants' discovery request. *Id.* As such, Defendant contends that Plaintiff's motion for reconsideration of should not be granted.

In the alternative, Defendant argues that even if the Court did grant reconsideration, the letters submitted by Plaintiff are merely form letters routinely sent out by Greyhound's customer

service representatives and do not indicate knowledge by Greyhound of Plaintiff's assault or battery allegations. *Id.* at 3-4.

## *DISCUSSION*

**A.   Standard of Review – Rule 59**

A motion for "reconsideration" does not exist in the Federal Rules of Civil Procedure, but a party's request for reconsideration is construed under Rule 60 as a motion for relief from a final judgment when filed more than ten days after entry of judgment. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000); *Teal v. Eagle Fleet, Inc.*, 933 F.2d 341, 347 n.3 (5th Cir. 1991). If filed within ten days, the motion is considered under Rule 59 as a motion to alter or amend a judgment. Fed. R. Civ. P. 59(e); *Bass*, 211 F.3d at 962.[1] The motion filed by Plaintiff here is thus considered under Rule 59 because it was filed on November 13, 2009, which is within ten days of the judgment entered on November 9, 2009.

Rule 59 permits the Court to "grant a new trial on all or some of the issues . . . after a nonjury trial, for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. P. 59(a). This rule enables the

---

[1] Effective December 1, 2009, the deadline for filing a Rule 59 motion was extended to twenty-eight days after entry of judgment. *See* Fed. R. Civ. P. 59(b). However, because the judgment and subsequent motion to reconsider were all filed prior to December 1, 2009, the old ten-day deadline will be applied here.

Court to open a judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment. A Rule 59 request for a new trial may be construed as a request for reconsideration or as a motion to alter or amend. *Prescott-Follett & Assocs., Inc. v. DELASA/Prescott-Follett & Assocs.*, 100 Fed. Appx. 288 (5th Cir. 2004); *see also Amie v. State Farm Fire & Cas. Co.*, 2006 WL 3068819 (E.D. La. Oct. 25, 2006).

A motion to reconsider requires (1) an intervening change in controlling law, (2) availability of new evidence not previously available, or (3) the need to correct a clear error of law or prevent manifest injustice. *Freeport-McMoran Sulphur LLC v. Mike Mullen Energy Equip. Res., Inc.*, 2004 WL 1488665, at *1 (E.D. La. June 30, 2004). The Court enjoys considerable discretion in granting or denying such a motion, and an amendment of judgment is an extraordinary remedy which must be used sparingly and should not be used to re-litigate old matters, raise new arguments, or present evidence that could have been raised prior to the entry of judgment. *Boyd's Bit Service, Inc. v. Specialty Rental Tool & Supply, Inc.*, 332 F. Supp. 2d 938, 939 (W.D. La 2004). "These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued." *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986).

4

**B.   There is no "newly obtained evidence" here.**

In *Lavespere V. Niagra Mach. & Tool Works, Inc.*, the Fifth Circuit articulated four factors that should guide a decision as to whether to grant a motion to reconsider on the basis of newly discovered evidence: "[1] the reasons for the moving party's default, [2] the importance of the omitted evidence to the moving party's case, [3] whether the evidence was available to the non-movant before [it] responded to the summary judgment motion, and [4] the likelihood that the nonmoving party will suffer unfair prejudice if the case is reopened." 910 F.2d 167, 174 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075, n.14 (5th Cir. 1994)(*en banc*); *see also Ford v. Elsburym,* 32 F.3d 931, 937-938 (5th Cir. 1994). The Court will not consider evidence previously available and not provided timely. *See Lovell v. Hamp*, 228 F. Supp. 2d 773, 775 (N.D. Miss., 2001); *see also Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991). At the same time, the Court must "balance carefully the need for finality with the need to render a just decision on the basis of all the facts." *Templet v. HydroChem Inc.*, 367 F.3d 473, 481 (5th Cir. 2004).

In her motion for reconsideration/new trial, Plaintiff states that she has attached "newly obtained evidence" in the form written correspondence between Plaintiff and Greyhound. (*See* Pl.'s Mem. in Supp. of Mot. 1.) Defendant's opposition, however, clearly rebuts

5

Plaintiff's assertion that this evidence was unavailable at the time the Plaintiff filed her opposition to Defendants' motion for summary judgment. Plaintiff's response to Defendants' Request for Production of Documents, dated February 27, 2009, included the same correspondence that she uses as the basis for her motion for reconsideration. As such, it is clearly established that this evidence was available to Plaintiff well before she filed her opposition to Defendants' motion for summary judgment. Plaintiff has provided insufficient justification for her failure to provide this evidence earlier when she filed her opposition to Defendants' summary judgment motion, and Defendant Greyhound would be unfairly prejudiced if the claims against it were reopened as a result.

Furthermore, the written correspondence is unimportant to Plaintiff's case because it fails to reflect Greyhound's knowledge that the intentionally tortious conduct alleged by Plaintiff was substantially certain to occur. *See Bourgeois v. Curry*, 2005-0211, p. 14 (La. App. 4 Cir. 12/14/05); 921 So. 2d 1001, 1010 ("Unlike an action grounded in negligence, an action sounding in intentional tort causes us to focus on whether the employer desired or knew that the harm facing the plaintiff as a result of the complained-of conduct was substantially certain to result from the conduct."); *see also Turner v. Law Firm of Wolff & Wolff*, 2007-1589, p. 7 (La. App. 4 Cir. 6/4/08); 986 So. 2d 889, 893 n.9. In fact, the form letters sent by Greyhound to Plaintiff expressly reject any desire

6

by Greyhound to condone unprofessional behavior by its drivers. (*See, e.g.*, Rec. Doc. No. 59-4 ("Our employees are trained professionals, who should behave in a competent and courteous manner at all times. The behavior you described will not be tolerated, and we can assure you appropriate action will be taken to prevent a recurrence.").)

Because the evidence that Plaintiff offers in support of her motion for reconsideration was available for months prior to the due date of her opposition to Defendants' summary judgment motion, and because this evidence lacks significance with respect to Plaintiff's claims against Greyhound, the Court declines to grant reconsideration of its prior grant of summary judgment in favor of Defendant Greyhound.

**C. Even if reconsideration were granted, summary judgment in favor of Defendant Greyhound would still be proper.**

Even if the Court did grant reconsideration and evaluate the letters submitted by Plaintiff, the Court would still grant summary judgment in favor of Defendant Greyhound. Plaintiff cites to two cases for her assertion that, "Where the plaintiff presents evidence of the employer's knowledge of the intentional tort of its employee, the employer is responsible for the employee's intentional tort that damages the plaintiff." (Pl.'s Mem. in Supp. of Mot. 1-2.)

Plaintiff first cites to *Ira S. Bushey & Sons, Inc. v. United*

7

*States*, a well-known tort case out of New York where the Court found an employer, the U.S. government, to be vicariously liable for the intentional acts of its employee, a drunken sailor. 276 F. Supp. 518, 521 (E.D.N.Y. 1967). Specifically, the Court found that the intoxicated sailor was acting within the scope of his employment when he intentionally damaged a drydock because employers of sailors know that such actions by their employees are to be expected, even if these actions are not tolerated as a matter of workplace policy. *See id.* at 530. Unlike the sailors described by the Court in *Bushey & Sons*, whom the Court deemed to be uniquely predisposed to drunken and belligerent behavior, there is nothing here to show that bus drivers are uniquely predisposed to battery, assault, or infliction of emotion distress due to the nature of their job.

Plaintiff next cites to *Cruikshank v. United States*, in which the Court found the U.S. government to be vicariously liable for invasion of privacy by CIA agents who illegally opened and searched Plaintiff's mail. 431 F. Supp. 1355, 1356 (D. Haw. 1977). Because the CIA agents' actions were intended to benefit the government, the Court found that the employees were acting within the scope of their employment even though their actions were illegal. *Id.* at 1357. The same cannot be said for the employee in this case, LaBarron Todd, because there is no claim that Todd's allegedly tortious actions were intended to benefit Greyhound.

8

Both cases cited by Plaintiff reflect that the employer must have knowledge or desire that the harms resulting from an employee's conduct would occur. Nothing in the evidence submitted by Plaintiff here, however, reflects Greyhound's knowledge or endorsement of its driver's allegedly tortious conduct. The "newly obtained evidence" here consists merely of form letters sent by Greyhound in response to customer service complaints. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for New Trial and Reconsideration (Rec. Doc. No. 59) is **DENIED**.

New Orleans, Louisiana, this 8th day of December, 2009.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE